IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| ROMILUS CARAWAY, ) | |
|     Petitioner, ) | |
| ) | |
| v. ) | No. 2:24-cv-02263-SHL-atc |
| ) | |
| JOHNNY FITZ, ) | |
| ) | |
|     Respondent. ) | |

**ORDER DISMISSING CERTAIN CLAIMS, DIRECTING RESPONDENT TO FILE THE STATE COURT RECORD AND A LIMITED RESPONSE, DENYING MOTION FOR APPOINTMENT OF COUNSEL, AND DIRECTING CLERK TO SERVE PETITION AND MAIL FORM**

On April 23, 2024, Petitioner Romilus Caraway, Tennessee Department of Correction ("TDOC") prisoner number 242924, who is currently incarcerated at the West Tennessee State Penitentiary ("WTSP") in Henning, Tennessee, filed (1) a pro se habeas corpus petition under 28 U.S.C. § 2254 (ECF No. 1, "§ 2254 Petition"); and (2) a motion seeking appointment of counsel (ECF No. 2, "Motion").[1]  On preliminary review of the § 2254 Petition, Claims One through Four, Claim Five's allegation of violation of the Tennessee Constitution, and Claim Ten's allegation of post-conviction error are **DISMISSED** as noncognizable in a federal habeas pleading or improperly pled.  Petitioner's Motion in Support of Appointment of Counsel is also **DENIED** because he has not sufficiently demonstrated a need for counsel.  Respondent is **DIRECTED** to file a limited response to the remaining claims in the § 2254 Petition, namely the alleged violations of the United States Constitution in Claims Five through Ten.

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts ("Habeas Rules") requires the Court to conduct a preliminary review of a habeas petition to

---

[1] Petitioner recently filed a "Motion for Status" in which he requests both a status update and an order directing Respondent to answer his petition.  (ECF No. 9.)  Because this order addresses Petitioner's concerns, his motion for a status update is **DENIED AS MOOT**.

determine what response is required.  A federal court may immediately dismiss a petition if it concludes that "the petition is frivolous, or obviously lacking in merit" on its face.  Allen v. Perini, 424 F.2d 134, 141 (6th Cir. 1970); see also Pillow v. Burton, 852 F. App'x 986, 989 (6th Cir. 2021).  Indeed, Rule 4 directs the Court to dismiss the petition when "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief."

**I.     THE HABEAS PETITION**

Petitioner was convicted in the Shelby County Criminal Court in Memphis, Tennessee in Case Number 11-05881 of two counts of aggravated kidnapping and one count of aggravated robbery.  (ECF No. 1 at PageID 1.)  Petitioner asserts ten claims for habeas relief (ECF No. 1 at PageID 5–12; ECF No. 1-1 at PageID 15–21):

1. The trial court erred by denying Petitioner's motion to exclude the victim's testimony that Petitioner had robbed him on a prior occasion (ECF No. 1 at PageID 5, "Prior Robbery Evidence");

2. The trial court erred by admitting into evidence the victim's testimony about threatening phone calls he received a day before the trial (id. at PageID 6, "Threatening Call Testimony");

3. The trial court erred by admitting into evidence fifty-nine phone calls Petitioner made to the victim (id. at PageID 8, "Victim Calls Evidence");

4. The trial court erred by admitting into evidence "personal" statements between Petitioner and his friends (id. at PageID 9, "Friend Statements");

5. There was insufficient evidence to support Petitioner's convictions (ECF No. 1-1 at PageID 15);

6. Trial counsel rendered ineffective assistance of counsel ("IAC") "by advising Petitioner not to testify at trial for his own behalf" (id. at PageID 15–16);

7. Trial counsel rendered IAC by not challenging the trial court's failure to give an instruction asking the jury to determine whether the kidnapping offense was "essentially incidental to" the accompanying felony robbery (id. at PageID 17);

8. Trial counsel rendered IAC by failing to challenge the kidnapping offenses because "any removal or restraint of the victim was essentially incidental" to an assault (id. at PageID 17–18);

2

9. Trial counsel rendered IAC "by failing to challenge the hung-jury matter before the trial court" (id. at PageID 18–19);

10. Petitioner's third appointed attorney in the post-conviction trial court was ineffective for (a) failing to "object[] [to] the State's oral motion renewing the Motion to Dismiss . . . for failure to prosecute" and (b) failing to file a timely Notice of Appeal (id. at PageID 20).

Petitioner seeks (1) an "[e]videntiary [h]earing with an appointment of counsel" and (2) remand to the state post-conviction court for an evidentiary hearing. (ECF No. 1 at PageID 13.) His § 2254 Petition is before the Court for preliminary review.

A.  Claims One Through Four

A federal court may entertain an application for a writ of habeas corpus on behalf of a state prisoner "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). "[F]ederal habeas corpus relief does not lie for errors of state law." Estelle v. McGuire, 502 U.S. 62, 67–68 (1991) (quoting Lewis v. Jeffers, 497 U.S. 764, 780 (1990)). A federal court will not "reexamine state-court determinations on state-law questions." Id.

The standard for habeas relief based on evidentiary rulings is difficult to meet. Wilson v. Sheldon, 874 F.3d 470, 475 (6th Cir. 2017). Evidentiary errors "are usually not cognizable in federal habeas corpus." Id. (quoting Walker v. Engle, 703 F.2d 959, 962 (6th Cir.), cert. denied, 464 U.S. 962 (1983)). For an evidentiary ruling to give rise to a habeas claim, the petitioner must show that the evidentiary ruling was "so egregious that it resulted in a denial of fundamental fairness" in violation of his right to due process. Giles v. Schotten, 449 F.3d 698, 704 (6th Cir. 2006) (citing Baze v. Parker, 371 F.3d 310, 324 (6th Cir. 2004)); see also Biros v. Bagley, 422 F.3d 379, 391 (6th Cir. 2006) (stating that evidentiary errors "are not cognizable in habeas proceedings unless they so perniciously affect the prosecution of a criminal case as to deny the defendant the fundamental right to a fair trial"). To show a due process violation rooted

in an evidentiary ruling, the Sixth Circuit "has typically required a Supreme Court case establishing a due process right with regard to that specific kind of evidence." Moreland v. Bradshaw, 699 F.3d 908, 923 (6th Cir. 2012) (citing Collier v. Lafler, 419 F. App'x 555, 558 (6th Cir. 2011)).

Petitioner asserts that the trial court committed evidentiary errors in Counts One through Four. But he does not allege that the fundamental fairness of his trial was compromised by the trial court's admission of the Prior Robbery Evidence, the Threatening Call Testimony, the Victim Calls Evidence, or the Friend Statements. (See ECF No. 1 at PageID 5–9.) Instead, he merely asserts that these evidentiary rulings were inconsistent with the Tennessee Rules of Evidence. (See id. at PageID 5 (alleging that the admission of the Prior Robbery Evidence violated Tennessee Rule of Evidence 404(b)); id. at PageID 6 (alleging that the admission of the Threatening Call Testimony violated Tennessee Rule of Evidence 404(b) and was also inadmissible hearsay); id. at PageID 8 (alleging that the admission of the Victim Calls Evidence violated Tennessee Rule of Evidence 403); id. at PageID 9 (alleging that the admission of the Friend Statements violated Tennessee Rule of Evidence 403).)

The state court evidentiary rulings challenged in Claims One through Four did not result in a denial of fundamental fairness at Petitioner's trial. The Supreme Court has never found that the admission of prior bad acts evidence violated a defendant's right to due process. Bass v. Burt, 850 F. App'x 962, 965 (6th Cir. 2021); see also Bugh v. Mitchell, 329 F.3d 496, 512 (6th Cir. 2003) (recognizing that there "is no clearly established Supreme Court precedent which holds that a state violates due process by permitting propensity evidence in the form of other bad acts evidence"). Thus, the admission of the Prior Robbery Evidence alleged in Claim One and the Threatening Call Testimony alleged in Count Two did not inflict a deprivation of fundamental fairness.

Petitioner's allegations in Counts Three and Four fail for the same reason. The Supreme Court has never held that a state court's admission of prejudicial but relevant evidence can amount to a violation of due process. Blackmon v. Booker, 696 F.3d 536, 551 (6th Cir. 2012). Petitioner does not allege that the Threatening Call Testimony, the Victim Calls Evidence, or the Friend Statements were irrelevant, only that they were more prejudicial than probative. (See ECF No. 1 at PageID 6–9.) That evidence did not deprive Petitioner of a fundamentally fair trial. Indeed, Petitioner does not allege that the trial court's admission of that evidence impaired his ability to present a complete defense. See California v. Trombetta, 467 U.S. 479, 485 (1984) (stating that fundamental fairness requires the defendant to have "a meaningful opportunity to present a complete defense" by virtue of "constitutionally guaranteed access to evidence"). As a result, Petitioner's allegations in Counts Three and Four do not demonstrate a violation of his right to due process.

In Claim Four, Petitioner also alleges that the trial court's admission of the Friend Statements violated the Fourth, Fifth, Eighth, and Fourteenth Amendments to the United States Constitution. (ECF No. 1 at PageID 9.) These allegations are improperly pled. Habeas Rule 2(c) states that a petition must "specify all the grounds for relief available" to the petitioner and "state the facts supporting each ground." Mayle v. Felix, 545 U.S. 644, 649 (2005). "A prime purpose of Rule 2(c)'s demand that habeas petitioners plead with particularity is to assist the district court in determining whether the State should be ordered to 'show cause why the writ should not be granted.'" Id. at 656 (quoting 28 U.S.C. § 2243). "Rule 2(c) therefore helps put a state on notice of what claims a petitioner brings so it can properly respond to them." Kelley v. Burton, 792 F. App'x 396, 397 (6th Cir. 2020).

A petitioner's failure to fulfill the pleading requirements of Habeas Rule 2(c) provides an appropriate basis for dismissal. Cotham v. Boyd, No. 24-5343, 2024 WL 4541532, at *1 (6th

5

Cir. Sept. 19, 2024) (citing Blackledge v. Allison, 431 U.S. 63, 75 (1977)).  Claim Four does not meet the requirements of Habeas Rule 2(c).  Petitioner pleads no facts demonstrating how admission of the Friend Statements violated his Fourth, Fifth, Eighth, and Fourteenth Amendment rights—he merely concludes that it did.  (See ECF No. 1 at PageID 9.)  Thus, these conclusory allegations are insufficient to state a claim for habeas relief under Rule 2(c).

Because Claims One, Two, Three, and Four of the § 2254 Petition allege only that the trial court violated state law evidentiary rules, without factual allegations demonstrating denial of fundamental fairness, those claims are noncognizable in federal habeas.  Further, Claim Four is inadequately pled to the extent Petitioner is alleging a constitutional violation.  For these reasons, Claims One, Two, Three, and Four are **DISMISSED**.

    B.    Claim Five

Petitioner contends that the evidence at trial was insufficient to support his convictions of aggravated robbery and aggravated kidnapping.  (ECF No. 1-1 at PageID 15.)  He argues that the kidnapping charges should have been dismissed under the Due Process Clause and the Double Jeopardy Clause "to the United [States] Constitution and Tennessee Constitution."  (Id.)  But Petitioner cannot bring a state constitutional claim in federal habeas.

The statutory authority for federal courts to issue habeas corpus relief for persons in state custody is provided by 28 U.S.C. § 2254, as amended by the Antiterrorism and Effective Death Penalty Act.  Under § 2254, habeas relief is available only if the prisoner is "in custody in violation of the Constitution or laws or treaties of the United States."  § 2254(a).  To the extent Petitioner challenges the sufficiency of the evidence against him based on a violation of the Tennessee Constitution, that claim is not appropriate here.  Claim Five's alleged violation of the Tennessee Constitution is **DISMISSED** as noncognizable.

However, as indicated below, Respondent shall address Claim Five's allegation of insufficiency of the evidence based on violations of the United States Constitution.

C.     Claim Ten

In Claim Ten, Petitioner contends, in part, that the post-conviction trial court erred in denying his post-conviction "Petition without [a] hearing based on an abuse of judicial process for failure to prosecute." (ECF No. 1-1 at PageID 19.) Petitioner alleges a series of continuances requested by his first, second, and third appointed attorneys; several substitutions of counsel; Petitioner's motion for recusal of the first post-conviction trial judge; a motion to dismiss by the state for Petitioner's failure to prosecute; and the second post-conviction trial judge's dismissal of the petition for post-conviction relief without an evidentiary hearing. (Id. at PageID 19–20.)

It is well established that, because there is no constitutional right to post conviction remedies, the federal "habeas corpus cannot be used to mount challenges to a state's scheme of post-conviction relief." Greer v. Mitchell, 264 F.3d 663, 681 (6th Cir. 2001) (citing Pennsylvania v. Finley, 481 U.S. 551, 557 (1987) (stating that "states have no obligation to provide post-conviction remedies")). Claims of error committed during state post-conviction proceedings are not cognizable under 28 U.S.C. § 2254. Id. "[T]he Sixth Circuit has consistently held that errors in postconviction proceedings are outside the scope of federal habeas corpus review." Cress v. Palmer, 484 F.3d 844, 853 (6th Cir. 2007) (citing Kirby v. Dutton, 794 F.2d 245, 246–47 (6th Cir. 1986)).

Because Petitioner's contention that the trial court erred in summarily dismissing his petition for post-conviction relief without an evidentiary hearing is not cognizable in federal habeas, Claim Ten is **DISMISSED**.

D.     Limited Response

While, as described above, certain claims need no response, other claims do. Therefore, it is **ORDERED**, under Habeas Rule 4, that Respondent file a limited response to the allegations of a federal constitutional violation in Claim Five and the IAC allegations in Claims Six through Ten within twenty-eight days of the entry of this Order. The response shall, at a minimum, (1) address the timeliness[2] of the § 2254 Petition; (2) state whether each claim was exhausted, in whole or in part, in state court; and (3) assert appropriate procedural defenses, if any, for each claim. Where only a portion of a claim has been exhausted in state court, the response shall specify the aspects of the claim that were exhausted and the aspects of the claim that are subject to procedural defenses. Where a merits analysis is appropriate, the response shall (1) cite the state court ruling for an exhausted claim; (2) identify the clearly established Supreme Court precedent governing the claim; and (3) respond to the Petitioner's argument that he is entitled to habeas relief on the claim with appropriately reasoned legal and factual argument. The response shall include the complete state court record, as defined in Administrative Order 16-31. See 28 U.S.C. § 2254(b)(1).[3] The record shall be organized and appropriately indexed in the manner specified in Administrative Order 16-31. Each docket entry in CM-ECF shall have a label corresponding to the index.

Under Rule 5(e), Petitioner may, if he chooses, submit a reply to Respondent's response within twenty-eight days of service. Petitioner may request an extension of time to reply if his motion is filed on or before the due date of his reply. The Court will address the merits of the §

---

[2] Petitioner says that the § 2254 Petition is untimely but contends that he made a "[d]iligent effort in pursuing his appeal." (ECF No. 1 at PageID 12; see also ECF No. 1-1 at PageID 21.)
[3] The party filing a document has the burden of ensuring the proper protection of sensitive information and taking measures to seal such information where appropriate. See Electronic Case Filing Attorney User Manual for the United States District Court, Western District of Tennessee, Section I.A.13; see also Electronic Case Filing Policies and Procedures Manual for the United States District Court Western District of Tennessee, Section 8 Sealed Documents, https://www.tnwd.uscourts.gov/pdf/content/LocalRules.pdf (last visited Jan. 30, 2025).

2254 Petition, or of any motion filed by Respondent, after the expiration of Petitioner's time to reply, as extended.

It is **ORDERED** that the Clerk shall send a copy of the § 2254 Petition (ECF No. 1) and this Order to the Respondent and the Tennessee Attorney General and Reporter by certified mail. See Habeas Rule 4. The Clerk is also **ORDERED** to mail the parties the form for Notice, Consent, and Reference of a Civil Action to a Magistrate Judge (AO 85).

## II.    MOTION TO APPOINT COUNSEL

Petitioner has also requested the appointment of counsel. He asserts that he (1) has limited ability to investigate facts because he is confined; (2) "is not an experienced 'jailhouse lawyer'"; and (3) "may suffer from certain mental or physical disabilities that would most certainly exacerbate the case." (ECF No. 2 at PageID 26.) He contends that he requires "extensive documentary discovery" for which he needs counsel, but he does not describe what discovery he needs. (Id.)

The Sixth Amendment right to the appointment of counsel in criminal cases extends to the first appeal as of right "and no further." Finley, 481 U.S. at 555. Prisoners do not have a constitutional right to counsel when mounting collateral attacks on their convictions. Id. "The decision to appoint counsel for a federal habeas petitioner is within the discretion of the court and is required only where the interests of justice or due process so require." Mira v. Marshall, 806 F.2d 636, 638 (6th Cir. 1986); see also 18 U.S.C. § 3006A(a)(2)(B) (stating that counsel may be appointed for financially eligible persons seeking relief under 28 U.S.C. § 2254 whenever the court determines "that the interests of justice so require"). The appointment of counsel is only mandatory when an evidentiary hearing is required. Habeas Rule 8(c).

"In exercising its discretion, the district court should consider the legal complexity of the case, the factual complexity of the case, and the petitioner's ability to investigate and present his

9

claims, along with any other relevant factors." Hoggard v. Purkett, 29 F.3d 469, 471 (8th Cir. 1994). The appointment of counsel is required in habeas cases "only if, given the difficulty of the case and petitioner's ability, the petitioner could not obtain justice without an attorney." Rogers v. Skipper, 811 F. App'x 986 (6th Cir. 2020) (mem.). Where, as here, the prisoner is acting pro se, "[t]he exceptional circumstances justifying the appointment of counsel . . . occur where a petitioner has made a colorable claim, but lacks the means to adequately investigate, prepare, or present the claim." Id.

To the extent Petitioner seeks counsel to conduct discovery, Habeas Rule 6 only allows discovery upon motion to the Court and a showing of good cause. Petitioner has not stated what discovery he seeks.

Further, no showing has been made that this case is factually or legally complex or unusual. Petitioner has clearly alleged his habeas claims. He does not allege facts demonstrating an inability to understand and respond to Court orders. He does not present evidence of incompetence or mental disability. At this time, it does not appear that the interest of justice requires the appointment of counsel, and thus the Motion is **DENIED**. If a hearing is required, counsel will be appointed to represent Petitioner without the filing of a motion.

**IT IS SO ORDERED**, this 13th day of February, 2025.

                                       s/ Sheryl H. Lipman
                                       SHERYL H. LIPMAN
                                       CHIEF UNITED STATES DISTRICT JUDGE